### HOLLEY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1926.)

No. 4664.

**Post office** ⊂⇒48(7½)—Indictment charging postmaster with opening letter held sufficient (Criminal Code, § 195 [Comp. St. § 10365]).

An indictment against a postmaster, charging that "as such postmaster" he opened a letter which was intended to be conveyed by mail, sufficiently charges that the letter was intrusted to him or came into his possession as postmaster, within Criminal Code, § 195 (Comp. St. § 10365).

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Criminal prosecution by the United States against Rex Holley. Judgment of conviction, and defendant brings error. Affirmed.

Jno. P. Stokes, of Miami, Fla., for plaintiff in error.

N. J. Morrisson, Sp. Asst. Atty. Gen., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error was convicted on a count of the indictment which, after alleging that on the 16th day of October, 1922, he was a person employed in the postal service of the United States in the capacity of postmaster of the post office at Lake Worth, Palm Beach county, Fla., charged "that as such postmaster the said defendant Rex Holley did at Lake Worth, Palm Beach county, Florida, and within the jurisdiction of this court, on, to wit, the 16th day of October, 1922, unlawfully open a certain letter," which was described, "which said letter was intended to be conveyed by the United States mails." The accused assigns as errors: (1) The overruling of a motion in arrest of judgment; and (2) the overruling of a motion for a new trial.

The above-mentioned count undertook to charge an offense under section 195 of the Criminal Code (Comp. St. § 10365). The motion in arrest was based on the ground that that count failed to charge that the letter alleged to have been opened by the accused was "intrusted to him" or "came into his possession" as a postal employee, within the meaning of the cited statute. The above-quoted language of the count imports that, when the letter mentioned was opened by the accused, it was in his possession as postmaster. We are of opinion that that count sufficiently informed the accused of the nature and cause of the accusation against him, and that the judgment was not subject to be arrested on the ground relied on. Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606.

The action of the court in overruling the motion for a new trial is not assignable as error.

The judgment is affirmed.